PROGRESS IMPROVEMENT COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, RELATOR, v. ALVIN J. WILLIAMS, INSPECTOR OF BUILDINGS OF THE BOROUGH OF ROSELLE; THE BOARD OF ADJUSTMENT OF THE BOROUGH OF ROSELLE, AND THE BOROUGH OF ROSELLE, RESPONDENTS.

Submitted May 18, 1929—Decided November 7, 1929.

974

Before Justices TRENCHARD, LLOYD and CASE.

For the relator, *Leavitt, Ulbrich & Talley* (*Fayette N. Talley,* of counsel).

For the respondents, *R. Robinson Chance.*

PER CURIAM.

This is a rule to show cause why a writ of *mandamus* should not issue commanding the board of adjustment of the borough and the inspector of buildings of the borough to show cause why a permit should not issue to the relator for the erection of a three-story apartment building on land owned by the relator.

It appears that on July 21st, 1927, relator applied for a permit to erect the apartment house on land in residence "A" district where buildings of the type proposed are prohibited by the zoning ordinance. The permit was denied by the building inspector and an appeal was taken to the board of adjustment on August 4th, 1927, and a hearing was held, after which this motion was made and carried:

"That the permit be granted with the understanding that the modified set of plans be used, also building be erected ten feet from the east side, twenty feet from rear and twenty feet from Locust street side and that plans when revised be submitted to the board for their approval."

It further appears that relator revised its plans and submitted them to the board on October 6th, 1927, but no action was taken thereon by the board of adjustment.

The matter rested thus until April 10th, 1928 (seven days after chapter 274 of laws of 1928 took effect), when relator appeared and "requested the board to grant the permit which

was promised them conditionally by the previous board." The board refused to take action on the request.

It is stipulated that a permit was never received by the relator and never issued by the board of adjustment or the building inspector. It is further stipulated that the relator never began the construction of its apartment house and that no work of any kind has been done or commenced by the relator.

We think that we should not grant the writ. The property in question was zoned against an apartment house by ordinance in effect before the passage of the constitutional amendment, and, by the statute passed after the constitutional amendment, the ordinance was continued in effect; and under our decision in *Koplin* v. *South Orange,* 6 *N. J. Mis. R.* 489, such ordinance will be presumed to be a valid exercise of the police power in the absence of a showing to the contrary of which there is none in the present case.

It is to be noted that there never has been any unconditional action by way of granting a permit by the board of adjustment. Their action was conditioned upon their approval of revised plans, and they were never approved.

The rule to show cause will be discharged.